PATRICK M. FITZGERALD *vs.* EDWARD H. CLARK.

A written agreement to convey a tract of land lying between and bounding upon two nearly parallel roads, " containing twice as many rods as there is to that tract of land " also lying between and bounding upon those roads, cannot be shown by oral evidence to have been intended by the parties to include a parcel of land bounded on each road by twice as many lineal rods as the tract referred to, and not containing twice as many square rods as that tract.

This court, as a court of equity, may, upon motion made by the defendant at any stage of a suit for the specific performance of a contract to convey land, allow him, before conveying the land, to remove buildings which he has erected thereon under a claim of right, though erected after notice that the plaintiff claimed the land.

ACTION OF CONTRACT, praying for relief in equity, under *St.* 1853, *c.* 371, to enforce the specific performance of the defendant's agreement in writing to convey to the plaintiff "a certain tract of land lying in Greenfield, and bounded north by land of said Fitzgerald, containing twice as many rods as there is to that tract of land owned by said Fitzgerald, and lately owned by H. W. Clapp, lying in Deerfield."

The plaintiff claimed that, by this agreement, the defendant agreed to sell to him twice as much land in quantity, lying next south of the plaintiff's homestead in Greenfield, and bounded on one side on the upper, and on the other on the lower road leading to Deerfield, as the plaintiff had purchased of Clapp. The defendant denied this; and averred that he had fulfilled his agree-

ment by conveying to the plaintiff so much of said land lying next south of the plaintiff's as extended four rods southerly upon each of said roads.  The land purchased by the plaintiff of Clapp was situated further to the south, and bounded for two rods on each road.  The relative position of the lots of land is shown in the plan in the margin ; the dotted line indicates the southern boundary of the land claimed by the plaintiff; the actual distance from that line to the land purchased of Clapp was about thirty rods ; but the proportions are necessarily lost on the plan.*

At the trial before *Dewey*, J., it appeared that in the agreement, as originally written, the words " on each street" followed the words " containing twice as many rods," but had been since crossed out for the purpose of erasure ; and there was conflicting evidence upon the question whether such erasure was made before or after the delivery of the agreement.  The defendant contended that the words " twice as many rods " created an ambiguity, which might be explained by oral evidence of the meaning of the parties.  But the judge ruled that the construction of the agreement was for the court, and instructed the jury that, if the words " on each street" were in the agreement when it was delivered, they should find for the defendant; if not, for the plaintiff.  The jury returned a verdict for the plaintiff, and the judge reported the case to the full court.

*A. Brainard & W. Griswold*, for the defendant.  The words, " twice as many rods as there are to " a certain other lot, is ambiguous ; for rods may be either lineal or square.  Parol evidence of the meaning of the parties should therefore have been admitted.  *Allen* v. *Bates*, 6 Pick. 460.  *Waterman* v. *Johnson*, 13 Pick. 261.  *Stone* v. *Clark*, 1 Met. 378.  *Barry* v. *Bennett*,

Upper road.

Fitzgerald. | Clark to Fitzgerald | Clapp to Fitzgerald

Lower road.

7 Met. 354. *Eaton* v. *Smith,* 20 Pick. 150. *Fowle* v. *Bigelow* 10 Mass. 379. *Doe* v. *Ries,* 8 Bing. 178. 1 Greenl. Ev. §§ 282, 288. 3 Stark. Ev. (4th Amer. ed.) 1023. The use of the word " to " instead of " in " adds some weight to the defendant's construction of the agreement.

*G. T. Davis,* for the plaintiff, cited 1 Greenl. Ev. §§ 278, 295 · Addison on Con. 150.

Dewey, J. The ruling, that the language of the contract, " containing twice as many rods as there is to that tract of land lately owned by H. W. Clapp," was of such plain and obvious import as could not be controlled by oral evidence explanatory of the intention of the ·parties, and tending to show that " twice as many rods," as used in the written contract, only meant twice as many rods on the street, and not twice the quantity of land in the lot referred to, was correct. There was no such ambiguity as would authorize the admission of the proposed evidence. *Judgment on the verdict.*

The defendant, before the entry of judgment, moved that he might be allowed, before conveying the land, to remove two dwelling houses, which he had built upon it, and which were of much greater value than the land itself.

*Davis* objected that the motion could not be granted according to the practice of courts of equity, because the buildings were erected after the defendant had notice of the construction of the agreement, claimed by the plaintiff; citing 2 Story on Eq. § 798; *Green* v. *Biddle,* 8 Wheat. 79; *Bright* v. *Boyd,* 1 Story R. 493; *Pilling* v. *Armitage,* 12 Ves. 84; *Putnam* v. *Ritchie,* 6 Paige, 390; and because the motion was not made at the trial before the jury, when the plaintiff, if this question had been raised, might have had his damages assessed by the jury.

The Court ordered that the defendant convey the land to the plaintiff within three months; and be permitted to remove the houses within that time, upon condition of leaving the premises in the state in which they were before the buildings were erected, or paying to the plaintiff any damage by reason of the land not being so left.